UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES E. MANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:13-CV-1308 JD |
| v. | ) |
| | ) |
| INDIANA DEPARTMENT OF CORRECTION, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

James E. Manley, a *pro se* prisoner, initiated this case by filing a document captioned, "Petition for Emergency Restraining Order and Order Transferring Custody of Plaintiff to the Federal Bureau of Prisons" (DE 1 at 1) in which the "Plaintiff pray[s] this Court grant this Petition under 18 U.S.C. § 1514, restraining the Indiana Department of Correction, its staff, contractors, and confined offenders from harassing, intimidating, and otherwise retaliating against Plaintiff and order the Plaintiff be immediately transferred to the Federal Bureau of Prisons for protective custody and for all other relief just and proper." Id. at 3-4.

Though it is not possible to grant relief pursuant to 18 U.S.C. § 1514 because this petition was not filed by "the attorney for the Government" as required by that statute, the court will consider whether there is any other basis for relief because "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Manley is suing the Indiana Department of Correction, an agency of the State of Indiana. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Here the first two exceptions do not apply because Congress did not abrogate the States' immunity through the enactment of Section 1983, *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005), and Indiana has not consented to this lawsuit.

The third exception applies only in a suit against a state official named in his individual capacity. *Va. Office for Prot. & Advocacy v. Stewart*, 563 US __, __; 131 S. Ct. 1632, 1638; 179 L. Ed. 2d 675, 686 (2011) (A state official who comes into conflict with the Constitution is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States.) However, the only named defendant in this case – the Indiana Department of Correction – is not a state official. Nevertheless, because he is proceeding *pro se*, the court will construe this as a case against Commissioner Bruce Lemmon in his individual capacity.

In addition, before finding that the third exception applies, the court must "conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d

1043 (7th Cir. 2013) (quotation marks, brackets, and citations omitted). Here, the petition alleges that Manley is being retaliated against "for the exercise of his First Amendment right to petition the government for redress of grievances and for reporting Federal criminal offenses to Federal law enforcement officers and agencies . . .." DE 1 at 1.

> To prevail on his First Amendment retaliation claim, Gomez must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action.

*Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Manley states that he has reported multiple crimes to federal authorities and filed two lawsuits against prison staff. He states that he was attacked on November 25, 2013, by an unknown fellow inmate. He alleges that inmate is a white supremacist gang member who conspired with Commissioner Bruce Lemmon and other prison officials to retaliate against him for exercising his First Amendment rights. He alleges that he is in fear of future attacks, but has been denied protective custody. Manley has met the first two prongs of the retaliation test because "[a] prisoner has a First Amendment right to make grievances about conditions of confinement" *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010), and being attacked is a deprivation that would likely deter future First Amendment activity. The third prong, however, is a much more tenuous matter.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief

3

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Here, Manley has provided no factual basis for his allegation that Commissioner Lemmon conspired with the unknown white supremacist gang member inmate and encouraged him to attack Manley in retaliation for his First Amendment activities. "[A] bare allegation of conspiracy [doe]s not . . . state a claim." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). "[B]efore defendants in such a case become entangled . . ., the plaintiff must meet a high standard of plausibility." *Id.* at 971. Because Manley has not plausibly alleged that Commissioner Lemmon had any involvement in the attack perpetrated by the unknown inmate, he has not stated a claim for retaliation and therefore has not alleged an ongoing violation of federal law. Consequently, this case does not qualify for any of the exceptions to the Eleventh Amendment.

Nevertheless, even if the Eleventh Amendment were not an obstacle, this petition would still not meet the requirements for obtaining a temporary restraining order (TRO) which can only be issued when "(A) specific facts in an affidavit or a verified complaint clearly show that immediate

4

and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Federal Rule of Civil Procedure 65(b). Here, Manley has not submitted an affidavit or verified complaint and since he is proceeding *pro se*, no attorney certification has been provided. However, even if neither of those procedural reasons precluded issuing a TRO, Manley has not clearly shown that he is subject to an immediate and irreparable injury. Rather, he has merely stated that he was attacked one time by an unknown inmate. He speculates that inmate was a white supremacist gang member who conspired with Commissioner Lemmon to retaliate for his First Amendment activities, and states that he is in fear of another attack. That fear is understandable, because "[p]risons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991). He states that he has been denied protective custody. But if the information in this petition is all that he relayed to prison authorities when he requested protective custody, it would not be surprising that he was denied because general requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Moreover, the standards for a TRO are not the only obstacle that would preclude injunctive relief transferring Manley into the custody of the Bureau of Prisons.

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

5

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Nevertheless, merely because the court must deny the current request for a TRO does not mean that Manley may not be able to obtain some type of relief if given the opportunity to re-plead. Therefore, consistent with the requirements of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), the clerk will send him a Prisoner Complaint form.

For the foregoing reasons, the court:

(1) **DENIES** the request for a temporary restraining order (DE 1);

(2) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to James E. Manley;

(3) **GRANTS** James E. Manley until January 16, 2014, to submit the complaint; and

(4) **CAUTIONS** James E. Manley that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

ENTERED:  December 5, 2013

                                            /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court