UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES E. MANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:13-CV-1308 JD |
| | ) | |
| MARK SEVIER, KOPPENSPARGER, | ) | |
| THOMAS, KELLI BRADLEY, R. | ) | |
| HOBBS, J. LARIMORE, R. BEEMER, | ) | |
| and ROBERT EUTZ, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

James E. Manley, a prisoner without a lawyer, is suing eight defendants for retaliating against him in violation of the First Amendment. The defendants filed a motion for summary judgment arguing that Manley did not exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a) which prohibits prisoners from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Manley acknowledges that "A grievance program existed at Miami Correctional Facility at the time of the events alleged by plaintiff, and complaints regarding actions of staff could be addressed through that program, including allegations of retaliation by staff."[1] ECF 71 at 1. The parties do not dispute either the existence nor terms of the

---

[1] In his sur-reply (ECF 73 at 2), Manley questions whether the copy of the policy filed by the defendants is authentic because it has 31 pages whereas a copy of the policy filed in *Posey v. Scott*, 3:13-CV-1033 (N.D. Ind. filed September 25, 2013), ECF 20-1, only had 30 pages. However, he has not identified any substantive differences

grievance procedure as it existed in 2013 when the relevant events occurred in this case.[2]
Neither do the parties dispute the relevant facts. Rather, the dispute here is how the law should be applied to those facts.

In support of the motion for summary judgment, the defendants submitted the declaration[3] of Angela Heishman. She is an administrative assistant at the Miami Correctional Facility who "reviewed Offender Manley's records and grievance history." ECF 62-1 at 6. She declares that, "IDOC records indicate that Offender Manley has never filed a grievance concerning his allegations of retaliation by Defendants Sevier, Hobbs, Eutz, Bradley, Beemer, Kochensparger, Larimore, and Thomas." *Id*. In response, Manley raises four arguments for why summary judgment should not be granted even though the IDOC does not have a record of him having filed a grievance alleging that any of these defendants retaliated against him.

First Manley argues, "that Angela Heishman wrote to plaintiff stating that 'you have exhausted all of your administrative remedies, and I cannot offer you any other type of relief.'" ECF 71 at 1 (brackets omitted). However, that statement was not made in reference to a grievance. It was made in reference to an appeal from a disciplinary hearing

---

between these two copies. Other than the location of page breaks, the court has not found any differences and has no reason to question the authenticity of the copy filed in this case.

[2] In his sur-reply (ECF 73 at 2), Manley states that in 2016 he attempted to file a grievance raising a retaliation claim, but was told by a prison official that retaliation claims could not be addressed by the grievance process in effect at that time. However, that is not relevant to this case because the grievance policy in effect in 2016 was adopted on June 1, 2015. *See* https://in.gov/idoc/files/00-02-301__Grievance_Procedure_1-01-10.pdf. Manley agrees retaliation claims were grievable in 2013. ECF 71 at 1. Indeed, he filed a grievance in 2013 alleging retaliation which was accepted and fully processed to the final level. ECF 62-1 at 44. Thus, there is no genuine dispute as to whether retaliation claims were grievable in 2013.

[3] The document is titled, "Affidavit of Angela Heishman" but it is not an affidavit because it is not notarized. Rather, it is a declaration pursuant to 28 U.S.C. § 1746.

2

where Manley was found guilty of unauthorized computer access. ECF 23-2 at 36. Here is the full response written by Heishman:

> The appeal you submitted for case # MCF 13-11-0057 has previously been addressed. Your response was sent to you on December 17, 2013. Since a liberty loss is not involved, this was your final level of appeal. You have exhausted all your administrative remedies, and I cannot offer you any other type of relief.

ECF 30-3 at 58. Because Heishman did not tell Manley that he had exhausted the administrative remedies related to a grievance alleging that he had been retaliated against by any of the defendants, this is not a basis for denying the summary judgment motion.

Second, Manley argues that the grievance process could not provide him with a meaningful remedy because offenders are not permitted to seek, "staff discipline, job reassignment, and/or training . . . ."[4] ECF 71 at 1. However, there is no futility exception to the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted).

---

[4] Despite arguing that the grievance system was inadequate because it did not permit him to ask for staff discipline, job reassignment, and/or training, Manley did not seek injunctive relief asking for any of those things when he filed his original complaint nor any of his amended complaints. *See* ECF 7 at 24, ECF 15 at 13-14, ECF 23 at 14-15, and ECF 30 at 11.

Because it is not relevant what relief Manley was seeking, this is not a basis for denying the summary judgment motion.

Third, Manley argues that "in his grievance appeal concerning retaliation by Lt. Sterling, the plaintiff did state that defendants Sevier, Hobbs, and Bradley were involved in retaliatory conduct against plaintiff and those claims of retaliation were ignored by the final reviewing authority." ECF 71 at 2 (footnote omitted). On October 3, 2013, Manley filed a grievance (#78741) alleging that Lt. Sterling retaliated against him by filing a false conduct report on September 27, 2013, because Manley had filed a grievance against him. ECF 62-1 at 48. Grievance 78741 makes no mention of any of the eight defendants named in this lawsuit. Neither did it (nor could it) make any mention of their alleged acts of retaliation which had not yet occurred. Neither did it allege that he was being retaliated against for any of the reasons these eight defendants are alleged to have retaliated against him.[5] Nevertheless, in his appeal from the denial of grievance 78741, Manley named three of the defendants (Superintendent Mark Sevier, Internal Affairs Investigator R. Hobbs,

---

[5] Manley is proceeding against:
Superintendent Mark Sevier, Program Director Robert Eutz, Sergeant Kopensparger, and Officer Thomas for retaliating against him by firing him from his job on October 22, 2013, because he wrote three complaint letters to public officials;
Internal Affairs Investigator R. Hobbs for retaliating against him by writing a conduct report on November 5, 2013, which falsely accused Manley of using a computer in an unauthorized manner, because he had written six complaint letters to public officials and filed four lawsuits in the Miami Circuit Court;
Officer J. Larimore for retaliating against him by screening him on November 12, 2013, on a conduct report which he knew falsely accused Manley of using a computer in an unauthorized manner because he had written six complaint letters to public officials and filed four lawsuits in the Miami Circuit Court;
Sergeant R. Beemer for retaliating against him by denying him due process during a disciplinary hearing on November 19, 2013, on a conduct report which he knew falsely accused Manley of using a computer in an unauthorized manner because he had written six complaint letters to public officials and filed four lawsuits in the Miami Circuit Court; and
Classification Supervisor Kelli Bradley for retaliating against him on November 25, 2013, by transferring him to the L Housing Unit which she knew to be a more dangerous environment because he had sought a restraining order from the Miami Circuit Court on November 6, 2013, and filed a grievance appeal. ECF 31 at 7-8.

4

and Classification Supervisor Kelli Bradley) and alleged they retaliated against him. ECF 62-1 at 45. Manley argues this was permissible because an "[a]ppeal may contain additional facts or information regarding the original issue and may raise concerns regarding the response from the previous level . . .." ECF 71 at 2 (quotation mark omitted). That is true, but an appeal may "not raise new or unrelated concerns." ECF 62-1 at 30. Manley believes it is enough that he was alleging other instances of retaliation. However, the added retaliatory acts were done on different days by different people for different reasons. As such, they were new and unrelated to his original grievance against Lt. Sterling. "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d. 282, 285 (7th Cir. 2005) (quotation marks and citation omitted). Because Manley did not do so, his inclusion of these claims in the unrelated appeal of grievance 78741 is not a basis for denying the summary judgment motion.

Fourth, Manley argues "[t]he PLRA does not limit exhaustion to grievance processes. By alerting prison officials to the problem through the classification and disciplinary processes, plaintiff satisfied the exhaustion requirement (see: *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013))." ECF 71 at 2. In *Turley*, the Seventh Circuit explained that, "Turley's February 2009 grievance, which was pursued to a final decision by the Director, suffices to exhaust the claims challenging lockdown policy." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). *Turley* makes no mention of the plaintiff in that case having used either the classification or disciplinary processes to alert prison officials.

5

*Turley* makes no mention of classification or disciplinary proceedings substituting for the grievance process. *Turley* is not a basis for denying the summary judgment motion. Moreover, the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Because Manley did not do so, the summary judgment motion must be granted.

For these reasons, motion for summary judgment (ECF 62) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. The clerk is **DIRECTED** to close this case and enter judgment accordingly.

SO ORDERED.

ENTERED: August 23, 2017

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Judge