UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES E. MANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:13-CV-1308 JD |
| | ) | |
| MARK SEVIER, KOPPENSPARGER, | ) | |
| THOMAS, KELLI BRADLEY, R. | ) | |
| HOBBS, J. LARIMORE, R. BEEMER, | ) | |
| and ROBERT EUTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

James E. Manley, a prisoner without a lawyer, filed a motion pursuant to Federal Rule of Civil Procedure 59(e). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Summary judgment was granted, and this case dismissed, because Manley did not exhaust his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). Manley now argues that "[i]n the Third Amended complaint [ECF 30], Plaintiff stated that prison officials had refused to provide him necessary forms to exhaust his administrative remedies." ECF 80. However, he did not present that argument in either his response (ECF 71) or his sur-reply (ECF 73) to the motion for summary judgment.

In response to the summary judgment motion, Manley presented four arguments. First he argued Angela Heishman wrote and told him he had exhausted all of his administrative remedies. ECF 71 at 1. Second, he argued the grievance process could not provide him with a meaningful remedy. ECF 71 at 1. Third, he argued the claims raised in this case were exhausted because he mentioned them in the appeal from the denial of a grievance which did not originally include them.

ECF 71 at 2. Fourth, he argued he alerted prison officials of his concerns in ways other than the grievance process. ECF 71 at 2. None of these arguments even hint that he had any difficulty getting a grievance form. Evidence and arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration." *King v. Ford Motor Co.*, No. 16-3391, 2017 WL 4349308, at *3, __ F.3d __, __ (7th Cir. Oct. 2, 2017).

Moreover, Manley did not say in his Third Amended Complaint that he was unable to get a form to grieve the claims he was raising. Rather, he wrote, "in some situations, staff at the Miami Correctional Facility has refused to provide the appropriate forms when requested by Manley, thereby foreclosing that process to Manley." ECF 30 at 10. The vague assertion that there had been some situations where he had been unable to get a form is particularly insufficient given that he did not mention the unavailability of forms in either of his two responses to the summary judgment motion. Given the detailed summary judgment responses that he filed, it is implausible that he merely forgot to include this argument in either filing. Moreover, given that he filed seven grievances in 2013 before the events at issue and two more in 2014 only months thereafter, the record does not demonstrate that he had difficulty obtaining grievance forms when he wanted them. *See* ECF 62-1 at 42-43.

For these reasons, the Rule 59(e) motion (ECF 80) is **DENIED**.

SO ORDERED.

ENTERED: October 5, 2017

                                                       /s/ JON E. DEGUILIO
                                                       Judge
                                                       United States District Judge